Gindi v. New York City Department, case number 25930. I'm sorry, New York City Department of Education. Good morning. Good morning. Ms. Gindi, hold on one second. We're going to help you out a little bit by lowering the... Thank you. Good morning. May it please the Court, this case presents one question whether my case has merit and whether I was in my statutes of limitations to file a complaint more recently to file motions to reopen my suit. The trial court said no and the court of appeals said no, both denying my claims. That was error and here is why. I'm... This case is about absolute abuse of power. It is about supervisors who have passed the baton of abuse and instead of mentoring, chose to torment. The second to last supervisor was the worst and she committed demonic acts toward me and it is about a loyal employee, me, whose life was turned upside down when in an ultimate act of malice, the worst of all my bosses misused the law to lock me away in many mental hospital stays against my will. She acted with intent and there is new evidence, which is why I feel that I'm in my statutes of limitations, not only because of that, but because I went through all of my docket sheets and compared all of the ones from the court of appeals and federal court and I made sure every single thing was timely filed. And if there were any gaps, those gaps were due to the fact that I went twice to the Supreme Court of the United States and did my writ of certiorari and I found laws that keep me in my statutes because it extends the 30-day limit for my stays that I filed to one year. And I was well inside that time frame. Would you like me to read the list of the filings? So whatever you'd like, you should know that we obviously have the benefit of everything you submitted as well as the New York City Department of Education. So we're familiar with the case, but whatever you'd like. Thank you, Your Honor. I want to just go from the most recent, just in case we run out of time, because this seemed to be something that was mentioned so many times in my negative decisions against me and they kept talking about the statutes more than anything. The most recent was on January 25th, 2024, I was denied in motion order to stay, in a motion of order to stay the mandate. So I went to the Supreme Court of the United States and they gave me a denial of November 18th, 2024, in which I have one year to file to reopen. So I did a motion to reopen in my case December 23rd, 2024, which is only one month and five days and keeps me within my statute of limitations as timely tolling. The entries before that that I found in my favor are December 6th, 2023, the court made an order denying my motion for reconsideration and seven days later on December 13th, 2023, I did a motion to stay a mandate, which is only seven days later within my statutes of limitations. Again, there's another one. On November 7th, 2023, I was denied a motion order as being moot. My $250 million I was asking for, which by the way, I lowered to much less now, asking for, and I was denied default judgment and I was responded by doing a motion for reconsideration the same day with which is within my statutes. On December 21st, 2021, my mandamus was denied. So January 11th, 2022, I did a motion to reopen, which is less than one month and exactly 21 days, which is within my statutes of limitations because I have 30 days SOL tolling. And on June 7th, 2021, I was denied motion and in order to recall the mandate and the waiting as waiting patiently for the results in the mail. So I called and I was after receiving it, the clerk told me to make a petition for writ of mandamus. I put all the work together and I filed on 18 to 2021 by making a petition of writ of mandamus. Just say case scenario that anything is a mistake and that there was too much time on this one I'm talking about right here. I looked up the law in my favor and I found to be equitable tolling. Okay, so Ms. Guindy, your red light is on and we have again the benefit of the argument and we heard your list of the most recent events as I understand it. Is that right? Yes, Your Honor. So we're going to reserve decision, which means that we're not going to stop right now. But what you'll get is a written decision. Obviously, also the New York City Department of Education will get the same written decision in due course. So at some point after today. Is that fair? Do you understand that? I understand. Thank you. Great. Thank you very, very much.